-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARVIS M. IVEY,

        Plaintiff,

       -v-

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
HIGHLAND HOSPITAL and UNITED STATES,

        Defendants.
_____

**DECISION and ORDER**
09-CV-6337T

## INTRODUCTION

On June 30, 2009, plaintiff Marvis Ivey filed a complaint against the United States Equal Employment Opportunity Commission, Highland Hospital and United States, asserting that she was discriminated against on the basis of her race, age and religion, and that the EEOC failed to adequately address her complaints. That action was dismissed, along with actions 09-CV-6324T and 09-CV-6445T after plaintiff was denied in forma pauperis status. In that same order, plaintiff was directed to address why sanctions should not be imposed for her vexatious litigation conduct[1]. When plaintiff's response made it clear that she did not intend to conform her conduct to the requirements of Federal Rule of Civil Procedure 11, the Court imposed a prohibition on future filings

---

[1] Plaintiff had, within several months, filed two previous cases which were dismissed for failure to respond to Court Orders (09-CV-6172T and 09-CV-6257T). The Court took judicial notice of the fact that plaintiff had filed more than thirty actions in the Northern District of Georgia and the Southern District of New York since 1991.

without prior permission of the Court.  Plaintiff appealed that and other decisions to the Second Circuit Court of Appeals.

All of plaintiff's appeals were dismissed in the Court of Appeals except as to Highland Hospital.  Pursuant to the Mandate of the Court of Appeals dated April 9, 2010 (Docket # 10), this action has been reopened, and plaintiff has been granted an opportunity to replead her claims against Highland Hospital.  Plaintiff has now filed an Amended Complaint (Docket # 13), and motions to: recuse the undersigned Judge and U.S. District Judge William Skretny; transfer the case to the Southern District of New York (Docket # 14);  and to proceed  in forma pauperis (Docket # 15).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed in forma pauperis.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which in forma pauperis status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

For the reasons discussed below, unless plaintiff files a right to sue letter as directed below, the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court interprets plaintiff's claim as one alleging discrimination in employment and retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC) under 42 U.S.C. §§ 2000e to 2000e-17, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  Generally, a right to sue letter is required when a private employee files a Title VII suit in district court.   See 42 U.S.C. § 2000e-5(b),(f)(1).  Plaintiff's amended complaint fails to allege that she has been granted a right to sue letter by the EEOC, thereby exhausting her administrative remedies. Accordingly, this matter is hereby continued until **November 28, 2011** to allow plaintiff to file this right to sue letter. **Failure to file the right to sue letter will result in dismissal of the plaintiff's claim.**

Plaintiff's motions to recuse the undersigned Judge and U.S. District Judge Skretny and to transfer the case to the Southern District of New York in the interests of justice are denied as lacking a basis in law or equity.

## CONCLUSION

Plaintiff's request to proceed in this Court as a poor person is hereby granted.  The Clerk of the Court is directed to file the

plaintiff's papers.  Plaintiff must file a right to sue letter showing that she has exhausted her administrative remedies by **November 28, 2011** or the action will be dismissed.

### ORDER

IT HEREBY IS ORDERED, that the plaintiff's motion to proceed <u>in forma pauperis</u> is granted;

FURTHER, that the action is stayed until **November 28, 2011** to allow plaintiff to file a right to sue letter from the EEOC; and

FURTHER, that the Clerk of the Court is to close this case as dismissed after **November 28, 2011** if the plaintiff has not provided the Court with the right to sue letter by that date;

FURTHER, that the motions to recuse and to transfer the case to the Southern District of New York are denied.

**SO ORDERED.**

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   October 18, 2011
         Rochester, New York