```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

MARVIS M. IVEY,

        Plaintiff,

        -v-

HIGHLAND HOSPITAL,

        Defendant.

**DECISION and ORDER**
09-CV-6337T

_____

## INTRODUCTION

By Complaint dated June 30, 2009, plaintiff, Marvis Ivey, ("Ivey") proceeding <u>pro se</u>, brought the instant action against defendants United States Equal Employment Opportunity Commission ("EEOC"), Highland Hospital, and the United States of America claiming that Highland Hospital, her former employer, discriminated against her on the basis of her race, age, and religion, and that the (EEOC) failed to adequately address her complaints of discrimination.

By Decision and Order dated October 23, 2009, I dismissed plaintiff's Complaint, along with two other Complaints filed by the plaintiff, on grounds that plaintiff failed to state a claim upon which relief could be granted.  Ivey appealed this Court's Decision and Order, and by a Decision dated January 27, 2010, the Second Circuit Court of Appeals vacated this Court's dismissal of plaintiff's claims against Highland Hospital, and directed this Court to allow plaintiff to amend her Complaint with respect to her claims against Highland Hospital.  Thereafter, on September 20, 2011, Ivey filed an Amended Complaint against Highland Hospital

alleging that she was unlawfully discriminated against by being terminated from her employment on or about June 23, 2009. Upon review of the Amended Complaint pursuant to 28 U.S.C. § 1915, the Court directed Ivey to file her right-to-sue letter issued by the EEOC permitting plaintiff to file her action against the defendant. On November 28, 2011, plaintiff filed two separate right-to-sue letters, each dated December 27, 2010, approximately 18 months <u>after</u> plaintiff filed the instant case.

Defendant now moves to dismiss plaintiff's Amended Complaint on several grounds. Specifically, defendant contends that: (1) plaintiff's appeal of the dismissal of her action against Highland Hospital was dismissed with prejudice, and therefore her Amended Complaint is barred under the doctrines of res judicata, collateral estoppel, and the law-of-the-case; (2) the plaintiff failed to timely serve the original Complaint; (3) plaintiff failed to file an action within 90 days of receiving her right to sue letters; (4) plaintiff's termination claims are time-barred; (5) plaintiff failed to exhaust her administrative remedies; and (6) plaintiff has failed to establish the violation of a constitutional right.

Plaintiff cross-moves to amend the Amended Complaint to add as a defendant her former supervisor Sharon Nersinger, and seeks damages in the amount of one million dollars against her.

For the reasons set forth below, defendant's motion to dismiss is granted, and plaintiff's motion to amend is denied.

## **DISCUSSION**

Marvis Ivey has filed several discrimination actions against various defendants, including individual attorneys, the President of the United States, bar associations, and the E.E.O.C. All of plaintiff's actions have been dismissed, and plaintiff has been barred from filing additional actions in the Western District of New York without prior approval. With respect to defendant Highland Hospital, plaintiff alleges in her Amended Complaint that she was terminated from her employment based on discrimination against her, presumably on the basis of her race.

I find that plaintiff has failed to exhaust her administrative remedies with respect to her claim against Highland Hospital, and therefore, her Amended Complaint must be dismissed. Initially, I note that with respect to her Original Complaint filed on June 30, 2009, plaintiff had not yet received a right-to-sue letter from the E.E.O.C., and therefore, she was not entitled to bring her lawsuit at that time. It is well settled that prior to bringing an employment discrimination claim in federal court, a plaintiff must first exhaust his or her administrative remedies by filing an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), or with a state agency authorized to investigate the allegations and allowing such claims to be investigated by that agency. 45 U.S.C. § 2000e-5(c)(Title VII claims); 29 U.S.C. §§ 626(d), 633(b); Johnson v. Palma, 931 F.2d 203 (2nd Cir. 1991). Until a plaintiff receives a right-to-sue

letter from the administrative agency investigating discrimination claims, the plaintiff has failed to exhaust his or her administrative remedies, and may not bring a discrimination action in federal court. Jones v. DaimlerChrysler Corp., U.S. Dist. LEXIS 62380, *5 (N.D.N.Y. Aug. 27, 2007).

With respect to plaintiff's Amended Complaint, plaintiff alleges that she was unlawfully terminated from her employment on June 23, 2009. I find that these claims are time barred. Plaintiff filed her administrative claims of unlawful termination against Highland Hospital on September 13, 2010 (more than one-year after she filed the instant case). Administrative complaints of discrimination, however, must be filed with the EEOC within 300 days of when the plaintiff knew of or had reason to know of the alleged unlawful employment action . . . ." Lennon v. City of New York, 392 F.Supp.2d 630, 638 (S.D.N.Y.,2005)(citing  42 U.S.C. § 2000e-5(e); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712-13 (2nd Cir. 1996).  While not a jurisdictional limitation, the 300-day limit has been construed as a statute of limitations, and pursuant to the Supreme Court's opinion in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002), "strict adherence" to the limitations period is required.

In the instant case, plaintiff did not file her administrative complaint alleging unlawful termination until September 13, 2010, 444 days after she was allegedly terminated. Accordingly, her administrative complaint of unlawful termination

4

is time-barred, and this court may not consider her claim. Because plaintiff has only alleged a claim for unlawful termination from her employment in her Amended Complaint, there are no further discrimination claims for the court to consider, and her termination claims must be dismissed with prejudice.

To the extent that plaintiff attempts to allege constitutional violations not subject to administrative exhaustion requirements, those claims fail as a matter of law as the defendant Highland Hospital is a private employer not subject to liability as a state actor with respect to plaintiff's constitutional claims.

With respect to defendant's claim that plaintiff's Amended Complaint must be dismissed because the Second Circuit Court of Appeals, by mandate dated June 22, 2010, appeared to dismiss plaintiff's Appeal as of April 2, 2010 in its entirety, including all claims against Highland Hospital, due to plaintiff's failure to perfect her appeal, the court notes that while plaintiff's Appeal was apparently dismissed in its entirety, the Mandate issued on April 9, 2010 (seven days after the Appeal was apparently dismissed in its entirety), suggests that the Court of Appeals intended to allow plaintiff the opportunity to amend her Complaint. This Court, in an abundance of caution, has followed the Second Circuit's April 9, 2010 Mandate despite the fact the June 22, 2010 Mandate appears to have dismissed plaintiff's original Appeal in its entirety.

For the reasons set forth above, I deny plaintiff's motion to amend the Amended Complaint.  Plaintiff's proposed Second Amended Complaint fails to remedy the deficiencies present in her Amended Complaint, and because a supervisory employee may not be held individually liable for alleged violations of Title VII, plaintiff's allegations of discrimination against her former supervisor fail to state a claim upon which relief may be granted. See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir. 1995)

## **CONCLUSION**

For the reasons set forth above I grant defendant's motion to dismiss plaintiff's Amended Complaint, and dismiss the Complaint in its entirety.  I further deny plaintiff's motion to amend her Amended Complaint.  Moreover, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438(1962).  Any request to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ALL OF THE ABOVE IS SO ORDERED.**

    s/Michael A. Telesca
    MICHAEL A. TELESCA
    United States District Judge

Dated:   August 29, 2012
        Rochester, New York